NOT DESIGNATED FOR PUBLICATION

No. 116,255

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BENJAMIN WILLIAM DEISER II,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ellsworth District Court; RON SVATY, judge. Opinion filed March 2, 2018. Affirmed.

*Michael S. Holland II*, of Holland and Holland, of Russell, for appellant.

*Paul J. Kasper*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., MCANANY and ATCHESON, JJ.

PER CURIAM: Defendant Benjamin William Deiser II challenges the Ellsworth County District Court's ruling denying his motion to suppress the results of a breathalyzer test used to support his conviction for driving under the influence in violation of K.S.A. 2013 Supp. 8-1567. Deiser contends his consent to the testing was impermissibly coerced because of the criminal penalties imposed in K.S.A. 2013 Supp. 8-1025, a statute the Kansas Supreme Court has since held to be unconstitutional. The State counters that the district court's ruling may be affirmed because the arresting officer acted in good-faith reliance on K.S.A. 2013 Supp. 8-1025, thereby overriding the exclusionary rule applied to bar evidence government agents obtain in violation of the Fourth Amendment to the United States Constitution.

1

The district court heard the motion to suppress and the trial of the DUI charge simultaneously based on stipulated facts. The stipulation established that law enforcement officers with the Kansas Highway Patrol and the City of Ellsworth Police Department stopped and arrested Deiser in November 2013 for driving under the influence. After his arrest, Deiser took a breathalyzer test that showed his blood-alcohol level to be over the legal limit set in K.S.A. 2013 Supp. 8-1567. Deiser has never contested the basis for the stop or his arrest. As we have indicated, he has confined his challenge to validity of his consent to the breath test. The district court denied the motion to suppress, found Deiser guilty, and duly sentenced him. Deiser appealed. The appeal has been held awaiting rulings in *Birchfield v. North Dakota*, 579 U.S. ___, 136 S. Ct. 2160, 2185-86, 195 L. Ed. 2d 560 (2016); *State v. Ryce*, 303 Kan. 899, 368 P.3d 342 (2016) (*Ryce I*), aff'd on reh'g 306 Kan. 682, 396 P.3d 711 (2017) (*Ryce II*); and *State v. Nece*, 303 Kan. 888, 367 P.3d 1260 (2016) (*Nece I*), aff'd on reh'g 306 Kan. 679, 396 P.3d 709 (2017) (*Nece II*), affording the parties the opportunity to address those cases. The Kansas Supreme Court held K.S.A. 2016 Supp. 8-1025 to be unconstitutional in *Ryce II*, 306 Kan. at 700, reaffirming its pre-*Birchfield* determination—a conclusion rendering Deiser's consent in this case legally tainted.

In its present factual and legal posture, this case presents precisely the same controlling issue bearing on the application of the good-faith exception that this court recently addressed in *State v. Perkins*, 55 Kan. App. 2d ___, Syl. ¶ 6 (No. 112,449, this day decided). We find the reasoning and result in *Perkins* on the point persuasive. We, therefore, affirm the district court's denial of Deiser's motion to suppress because the officers relied in good faith on K.S.A. 2013 Supp. 8-1025, before it was declared unconstitutional, to inform Deiser about the legal consequences of declining to take the test. In turn, we affirm Deiser's conviction and sentence.

Affirmed.